# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50468 | **DATE** | 3/17/2003 |
| **CASE TITLE** | Carter v. Finley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Compel

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, Defendant's Motion to Compel is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | MAR 17 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 47 |
| | Copy to judge/magistrate judge. | 3/17/2003 | |
| sp | courtroom deputy's initials | 2003 MAR 17 PM 2:52 U.S. DISTRICT COURT | date mailed notice  sp |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

The Finley Hospital ("Defendant") filed a Motion to Compel seeking an order compelling Diane Carter ("Plaintiff") to 1) submit Plaintiff's journal to Defendant; and 2) disclose the name and address of the certifying doctor so that the Defendant may depose him/her. During an in court hearing on March 5, 2003, the Magistrate Judge granted Defendant's Motion to Compel as to the journal and set a briefing schedule as to the issue regarding the certifying doctor.[1] As of March 14, 2003, the Magistrate Judge is in receipt of Defendant's Motion to Compel and Plaintiff's Response to Defendant's Motion to Compel ("Plaintiff's Response"). Although given an opportunity, Defendant did not file a reply brief. For the reasons set forth below, Defendant's Motion to Compel is denied.

The first issue the Magistrate Judge must address is whether 735 ILCS 5/2-622 ("§2-622") applies in federal court. Apparently, this issue has divided the Northern District of Illinois without direct guidance from the Seventh Circuit. *Compare Copeland v. Northwestern Memorial Hospital*, 964 F.Supp. 1225, 1242 (N.D. Ill. 1997)(stating that failing to file a affidavit of merit in a medical malpractice claim is cause for dismissal under 735 ILCS 5/2-622(g)), *with Threlkeld v. White Castle Systems*, 127 F.Supp.2d 986, 991 (N.D. Ill. 2001)("In any event, I will not dismiss a state claim made in federal court for failure to comply with a state pleading rule."). Although the Seventh Circuit has yet to directly address the issue, some guidance can be attained from the treatment the Seventh Circuit has given §2-622. In *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000), the Seventh Circuit stated "[t]o minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint." *Id.* (citing *McCastle v. Sheinkop*, 520 N.E.2d 293, 294 (1987)). This gives the court notice that "a qualified, licensed physician has reviewed the case and determined that 'there is a reasonable and meritorious cause fo the filing of such action.'" *Id.* (citing §2-622). In remanding the case back to the district court, the Seventh Circuit held that it was an abuse of discretion to dismiss the claim without affording an opportunity for Plaintiff to amend in conformity with 2-622. *Id.* at 614. If merely procedure, the Seventh Circuit should not have sent the case back to district court for a refilling. Therefore, this court will consider 2-§622 as substantive state law that must be applied in federal court. *See Erie RR Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hanna v. Plumer*, 380 U.S. 460, 468 (1965).

Once it is determined that §2-622 applies in federal court, the next question is under what circumstances the certifying doctor is subject to discovery. Federal Rules of Civil Procedure 26 states, in pertinent part, that "a party my obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative (including ... consultant ... ) only upon a showing that the party seeking discovery has substantial need of the materials ... ." Fed. R. Civ. P. 26(b)(3). The certifying doctor required under §2-622 is analogous to a consultant (i.e. consulting expert) discussed in 26(b)(3). Defendant must therefore show a "substantial need of the material." Fed. R. Civ. P. 26(b)(3). The Defendant has failed to meet this burden. Therefore, Defendant's Motion to Compel is denied.

---

[1] It should be noted that by the March 5, 2003 hearing, Plaintiff had already filed a response to Defendant's Motion to Compel. Thus, the Magistrate Judge needed only set a date for Defendant's reply brief to be filled.