# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50468 | **DATE** | 8/14/2003 |
| **CASE TITLE** | Carter vs. The Finley Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Defendant's Motion to Amend is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 14 2003 | 16 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 8/14/2003 date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

DIANE CARTER, Individually, and as )
Special Administrator for the Estate of )
KURT A. CARTER, Deceased, and for )
the use and benefit of Sean Carter, )
Kate Carter and Christopher Carter, )
minors, )
        )
       Plaintiff, )
        )
       v. )   Case No. 01 C 50468
        )
THE FINLEY HOSPITAL, )   Philip G. Reinhard
an Iowa Corporation d/b/a GALENA )   P. Michael Mahoney
HEALTH CLINIC, )
        )
       Defendant. )

## Memorandum Opinion and Order

The Finley Hospital ("Defendant") filed a Motion for Leave to Amend Answer ("Defendant's Motion to Amend") on June 23, 2003. On August 6, 2003, Diane Carter ("Plaintiff") filed Plaintiff's Brief in Opposition to Defendant's Motion for Leave to File Amended Answer ("Plaintiff's Response"). Defendant filed its Reply to Plaintiff's Brief in Opposition to Defendant's Motion for Leave to Amend Answer ("Defendant's Reply") on August 12, 2003. The motion being fully briefed, this Court is ready to make its ruling. For the following reasons, Defendant's Motion to Amend is denied.

## Background

Starting on or around January 6, 2001, Plaintiff's husband, Kurt Carter, deceased, began obtaining medical services from Defendant. (Second Am. Compl. at ¶2). Mr. Carter continued receiving medical services and treatment until his death on June 12, 2001. (*Id.*). Plaintiff alleges,

in her second amended complaint, that Defendant failed to diagnose, misdiagnosed, and failed to properly treat his Malignant Fibrous Histiocytoma, which ultimately caused his death. (*Id.* at ¶5(a)(b) and (c)).

Plaintiff filed her first complaint on January 14, 2002. On March 20, 2002, this Court set August 12, 2002 as the fact discovery cutoff date. This date did not hold. On November 8, 2002, this Court set a new and final fact discovery cutoff date of January 3, 2003. On November 20, 2002 Plaintiff amended her complaint and Defendant answered on December 6, 2002. On March 5, 2003, Defendant filed a motion for summary judgment, which was fully briefed by April 2, 2003. On June 19, 2003, Judge Reinhard issued an Order stating that Plaintiff's amended complaint failed to properly allege subject matter jurisdiction and gave Plaintiff until July 9, 2003 to cure the deficiency. Plaintiff did so on June 24, 2003. Defendant answered on June 30, 2003. Defendant filed another motion for summary judgment on July 23, 2003, which is not yet fully briefed.

Defendant alleges that beginning on December 5, 2002, Defendant requested from Plaintiff copies of the autopsy report concerning Mr. Carter's death. (Def.'s Mot. to Amend at 1). Defendant allegedly received the autopsy report sometime before December 30, 2002, but the report stated that "a final report will be placed as an addendum to this report." On December 30, 2002, Defendant's counsel wrote to Plaintiff's counsel requesting the supplemental report from Plaintiff. (Def.'s Reply, Ex. 1). Plaintiff's counsel responded to Defendant's counsel on January 6, 2002, stating "please be advised that we do not have any Addendum to the autopsy of [Mr.] Carter." (*Id.*, Ex. 2). Counsels continued to exchange letters regarding the supplemental autopsy report for the next four months. Defendant asserts that it did not receive the supplemental report until June 4, 2003. (Def's Mot. to Amend at 2). After reviewing the supplemental autopsy report, Defendant argues that the

2

supplemental report provides the basis for dispositive defenses against Plaintiff's claims. (*Id.*).

## Discussion

Federal Rules of Civil Procedure 15(a) provides that a party may amend its pleading after a responsive pleading has been served "only by leave of the court or by written consent of the adverse party." Fed. R. Civ. P 15(a); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848 (7th Cir. 2002). The decision on whether to allow the amendment is within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Seventh Circuit has adopted a liberal policy with respect to the granting of amendments so that the case may be decided "on the merits and not on the basis of technicalities." *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977); *Clark v. Underwriters Mgmt. Corp.*, No. 98 C. 4084, 2003 WL 21148420, at *8 (N.D. Ill. May 16, 2003). Although Rule 15(a) reflects a liberal attitude towards the amendment of pleadings, this Court may deny the amendment for reasons such as "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Foman*, 371 U.S. at 182.

In deciding whether to allow an amendment, courts generally take into account any prejudice that will be suffered. *Zenith Radio Copr. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971). However, the nature of litigation is such that "virtually every amendment ... results in some degree of prejudice ... ." *Lanigan v. LaSalle Nat. Bank*, 108 F.R.D. 660, 662 (N.D. Ill. 1985). Thus, this Court must determine if Defendant's amendment will cause undue prejudice to Plaintiff. A party may be unduly prejudiced where, among other things, an amendment " brings entirely new and separate claims, adds new parties ... and require[s] expensive and time consuming additional

3

discovery." *Id.*

This Court finds that Plaintiff will be prejudiced by granting Defendant's Motion to Amend. To begin with, Defendant's Motion to Amend was filed well after the close of fact discovery, which was in January 2003. However, while it is true that "[t]he longer the delay, 'the greater the presumption against granting leave to amend,'" *Clark*, 2003 WL 21148420, at *9 (citing *In Re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999)), it is well established that "delay is an insufficient basis for denying a motion to amend unless th[e] delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992). Plaintiff meets the undue prejudice burden. As stated above, a party may be unduly prejudiced where an amendment " brings entirely new and separate claims, adds new parties ... and require[s] expensive and time consuming additional discovery." *Lanigan*, 108 F.R.D. at 662. Defendant's Motion to Amend hits the trifecta. Not only will granting Defendant's Motion to Amend require the opening of discovery, inevitably pushing the case past the two year mark, but granting Defendant's Motion to Amend will require discovery of a third party not previously privy to the lawsuit and add affirmative defenses (i.e. new and separate claims) that Plaintiff will have to investigate. This in turn will cause a delay to this Court's calendar, which this Court is not willing to accept. *See Cowen v. Bank of Texas*, 70 F.3d 937, 944 (7th Cir. 1995)(stating that "controlling the pace and scope of discovery, being a matter of case management rather than an application of hard and fast rules, is also within the discretion the ... judge's discretion."); *see also Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982) (finding the district court did not abuse its discretion in refusing to allow plaintiffs to amend their complaint where motion was filed after parties had completed discovery and where motion would inject entirely new theory into the litigation).

When Plaintiff actually got control of the supplemental autopsy report is not exactly known to this Court, but what is known, is that Defendant could have filed a motion to compel production of the supplemental autopsy report and have Plaintiff respond on record as to the whereabouts of the report. Alternatively, Defendant could have subpoenaed the supplemental autopsy report. If either of those ways did not produce the report then Defendant should have looked to this Court for intervention, not eight months after discovery closed and when the case is approaching the two year mark. Thus, this Court finds Defendant's delay in pleading its affirmative defenses the result of dilatory action and unfortunately not carelessness. *See C & F Packing Co., Inc. v. IBP Inc.*, 93 C 1601, 1997 WL 160763, at *1 (N.D. Ill. Mar. 28, 1997)(granting defendant leave to amend answer because "although it [was] difficult to understand why [defendant] waited so long to file an amended answer, the delay appear[ed] to stem from carelessness, rather than dilatory motives or bad faith.) Defendant's Motion to Amend is therefore denied.

## Conclusion

For the above stated reasons, Defendant's Motion to Amend is denied.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 8/14/03

5