Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50468 | DATE | 9/23/2003 |
| CASE TITLE | Carter vs. Finley Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment on additional and supplemental grounds [# 58] and defendant's request for oral argument on its motion for summary judgment on additional and supplemental grounds[#60].

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion for summary judgment on additional and supplemental grounds. The request for oral argument as to the motion for summary judgment on additional and supplemental grounds is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 23 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 9-23-03 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| /LC6 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendant filed a second motion for summary judgment on "additional grounds" asking that this cause be "summarily adjudicated and dismissed" on the basis that plaintiff failed to identify the name and address of the health professional who submitted a report pursuant to 735 ILCS 5/2-622 (West 2000). According to defendant, section 2-622(a)(1) provides that the "report shall include the name and the address of the health professional" providing the report. Thus, defendant contends that the section 2-622 report submitted by plaintiff in this case is defective.

While the express language relied on by defendant, and contained in the most recent version of section 2-622, does in fact state that the report must include the name and address of the health professional supplying the report, that language was expressly ruled to be unconstitutional on the basis of severability by the Illinois Supreme Court. Best v. Taylor Mach. Works, 179 Ill. 2d 367, 371, 689 N.E. 2d 1057 (1997). Defendant attempts to circumvent the unconstitutional status of that provision by contending the Illinois legislature reenacted the provision when, in 1998, it passed an amendment to section 2-622 that added naprapaths to the identified list of health professionals. In support of this argument, defendant points to the amended version of section 2-622 that contains the unconstitutional language and maintains that it reflects the legislature's intent to reenact the provision regarding the name and address of the reporting health professional.

Defendant's argument fails for several reasons. First, the Illinois legislature never affirmatively removed the provision from section 2-622 after the Illinois Supreme Court declared it unconstitutional. While it may be assumed that at some point in time the legislature might do so, the fact remains that it had not by the time it amended section 2-622 in 1998, nor has it done so since. Thus, the only version of section 2-622 in existence in 1998(and today for that matter) contained the provision regarding name and address, albeit an unconstitutional provision. Consequently, the fact the provision was included following the 1998 amendment is of no import.

Additionally, there is nothing in the legislative history behind the 1998 amendment indicating any legislative intent to reenact the unconstitutional provision. The only mention in the floor debates is a brief reference to the naprapath language and a comment that the addition of the naprapath language was "simply all that [the proposed bill] does." Based on the legislative history, there is no evidence the legislature intended to reenact the unconstitutional provision.

Because the court finds the language relied on by defendant has been declared. and continues to be, unconstitutional, the court denies defendant's motion for summary judgment on that basis.