Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50468 | **DATE** | 9/23/2003 |
| **CASE TITLE** | Carter vs. Finley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for sanctions.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, plaintiff's motion for sanctions is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 23 2003 date docketed | 84 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9-23-03 date mailed notice | |
| /LC | courtroom deputy's initials | | SEP 23 PM 3:57 Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion for sanctions against defendant, contending that defendant's motion for summary judgment on additional and supplemental grounds ( that being plaintiff's alleged failure to comply with section 2-622 of the Illinois Code of Civil Procedure) violates Rule 11(b)(1) of the Federal Rules of Civil Procedure. In that regard, plaintiff argues that the motion for summary judgment was filed for an improper purpose because: (1) the issue raised "has been ruled upon and is now final;" (2) the motion was filed "long after the deadline set by this Court;" and (3) the remedy of summary judgment is drastic and inappropriate for the issue raised by defendant.

Under Rule 11, a party seeking a sanction must first serve the allegedly offending party with the motion for sanctions and give that party 21 days to withdraw or correct the offending pleading. Fed. R. Civ. P. 11(c)(1)(A). The moving party shall only file or present its motion for sanctions with the court if the offending party fails to withdraw or appropriately correct the pleading within the 21-day period. Fed. R. Civ. P. 11(c)(1)(A). A court that imposes sanctions without adhering to the 21-day "safe harbor provision" abuses its discretion. Divane v. Krull Elect. Co., 200 F. 3d 1020, 1025 (7th Cir. 1999).

Here, plaintiff has not stated in its motion, or shown in any other way, that it complied with the safe harbor provision of Rule 11. Thus, the court denies the motion for sanctions on that basis.

Having said that, the court notes that defendant did not utilize the correct procedural vehicle or route in raising the issues regarding section 2-622 in this court. The Seventh Circuit has explained that the proper method for challenging the failure to comply with section 2-622 is to file a motion to dismiss. Sherrod v. Lingle, 223 F. 3d 605, 613-14 (7th Cir. 2000). While defendant attempted to file such a motion, the magistrate judge struck it as untimely. In doing so, the magistrate judge orally advised defendant that it could object to his ruling in this court. Nonetheless, defendant opted not to object and, instead, raised the issue via a summary judgment motion.

Defendant offers no explanation as to why it waited until February 21, 2003, to first challenge compliance with section 2-622 when the original complaint and certificate under section 2-622 was filed on January 14, 2002. Even more curious is that defendant did not seek to have the case dismissed, but rather, filed a motion to compel disclosure of the name and address of the health professional. The magistrate judge denied the motion on this basis (which was not objected to) and rightly so. The proper approach would have been to seek dismissal and give plaintiff the opportunity to amend the complaint to add such information. See Sherrod, 223 F. 3d at 614.

The long and short of it is that even had defendant properly presented the issue to this court it would not have prevailed for the reasons stated in this court's separate order denying defendant's motion for summary judgment on additional and supplemental grounds. Nonetheless, defendant retains the obligation to follow proper procedures in this court. The continued failure to do so will suggest to the court either lack of diligence or a concerted effort to unnecessarily delay this case. Neither circumstance will promote an efficient resolution of this cause, nor will either be acceptable to this court.