Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50468 | **DATE** | 9/29/2003 |
| **CASE TITLE** | Carter vs. Finley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment[#41], defendant's request for oral argument[#42] and plaintiff's motion to strike[#54].

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants plaintiff's motion to strike[#54], denies defendant's request for oral argument[#42], and denies defendant's motion for summary judgment[#41]. The parties should report to the magistrate judge within thirty days to discuss settlement or mediation of this case.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 86 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9-29-03 | |
| /LC6 | courtroom deputy's initials | 03 SEP 29 AM 11:25 | date mailed notice mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Finley Hospital, filed a motion for summary judgment, asserting it is entitled to judgment as a matter of law based on the following contentions: (1) defendant, as a hospital neither located nor licensed in Illinois, cannot practice medicine in Illinois and cannot, therefore, be held liable for the negligence of its employee doctors who, by written employment agreement, exercised their own medical judgment; (2) plaintiff's experts failed to establish the required standard of care for a physician in the same or similar community as defendant's doctors; (3) plaintiff's experts failed to offer any opinion on causation that was supported by scientific knowledge; (4) plaintiff failed to submit any evidence that defendant's conduct was the proximate cause of Mr. Carter's death; and (5) plaintiff has not offered any evidence to prevail under the "lost chance" doctrine. The court notes many of these specific arguments were not revealed until defendant's reply brief, a questionable tactic that did not prove helpful to the court in disposing of defendant's motion for summary judgment.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003). As an initial matter, the court grants plaintiff's motion to strike the additional facts contained in defendant's Local Rule 56.1 reply. Local Rule 56.1 provides that a moving party may submit a response to any additional facts included with the nonmoving party's Local Rule 56.1(b) statement. The local rule does not, however, allow for additional facts to be asserted. The moving party has the responsibility of asserting all facts relied upon in its opening statement of facts under Local Rule 56.1(a).

The court rejects defendant's first basis for summary judgment because the cases relied on by defendant address the corporate practice of medicine doctrine in the context of covenants not to compete, an issue entirely unrelated to the question of whether a hospital may be held liable for the malpractice of its employees. Defendant cites, and the court finds, no Illinois case applying that doctrine to preclude a medical malpractice suit against a hospital based on the alleged negligence of doctors under its employ. While the employment agreements provide that the doctors are to exercise their independent medical judgment in carrying out their duties, such a provision does not eradicate the traditional rules of vicarious liability.

As for defendant's remaining contentions, under Illinois law a plaintiff must prove the following to establish medical malpractice: (1) the standard of care by which the physician's treatment is measured; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the plaintiff's injury. Campbell v. United States, 904 F. 2d 1188, 1191 (7th Cir. 1990). As for the standard of care, Illinois requires a physician to possess and apply that degree of knowledge, skill, and care which a reasonably well-qualified physician in the same or similar community would bring to a similar case under similar circumstances. Campbell, 904 F. 2d at 1191, citing Purtill v. Hess, 111 Ill. 2d 229, 489 N.E. 2d 867 (1986). If there are certain uniform standards that would be applicable to a given situation regardless of the locality, then the lack of familiarity with the practice in a particular locality will not disqualify the expert. Purtill, 111 Ill. 2d at 247, 489 N.E. 2d at 874-75. However, if conditions and facilities that are available are relevant, then before an expert can express an opinion as to a physician's conduct, he must be acquainted with acceptable standards of care under similar circumstances. Purtill, 111 Ill. 2d at 875.

Here, plaintiff's expert, Dr. Steier, testified that there is a national standard of care that applies in this case. That alone satisfies the standard of care requirement under Illinois law. Additionally, while defendant contends that there were no specialists or diagnostic scanning equipment such as ultrasound, CT scan, or MRI at the clinic, it is undisputed that those resources were available at defendant's hospital which was affiliated with the clinic and located a relatively short distance away. Dr. Steier's opinion as to the standard of care satisfies the similar locality rule as interpreted by the Illinois Supreme Court.

While summary judgment is proper if a plaintiff fails to designate evidentiary materials sufficient to show the existence of a material fact as to any element of their claim, the trial court enjoys wide latitude and discretion in determining whether to accept expert testimony in that regard provided it follows the methodology of Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). Wintz v. Northrop Corp., 110 F. 3d 508, 512 (7th Cir. 1997). In that reagrd, the trial court must conclude that the proffered expert testimony was derived by the scientific method and will assist the trier of fact in understanding the issues. Wintz, 110 F. 3d at 512.

Here, while Dr. Hohl did not accept the doubling methodology for calculating the growth rate of tumors and the related correlation as to when Mr. Carter's tumor metastasized, he did point out several scientific reasons for not doing so such as the limited studies, the age of the studies, and the nature of the studies. He also explained that tumor growth rates vary due to such things as the age of the tumor, the type of the tumor, and the individual in which the tumor is found. He also offered his own theory for when metastasis occurred in this case based on scientific considerations such as the growth rate of the original tumor, the calculated size of the original tumor when Mr. Carter first presented, and the size of the metastatic lung tumor when discovered. While defendant may not agree with Dr. Hohl's basis for his opinion, it is clearly based on medical knowledge and expertise.

As for the issue of proximate cause itself, under Illinois law, to serve as the sole basis for a conclusion that an act was the proximate cause of a plaintiff's injury, an expert must be able to testify with a reasonable degree of medical certainty that proximate cause existed. Wintz, 110 F. 3d at 515. Proximate cause is not established. however, where the causal connection is contingent, speculative, or merely possible. Campbell, 904 F. 2d at1194.

In this case, Dr. Hohl testified that defendant's failure to diagnose Mr. Carter's sarcoma in a timely manner resulted in the disease progressing to the point where Mr. Carter was considered incurable and only extreme and highly risky forms of treatment had any potential utility. This point occurred when Mr. Carter's sarcoma metastasized. In that regard, Dr. Hohl opined that the metastasis occurred between the time Mr. Carter's gluteal tumor was first detectible (about 5 centimeters) and when it was discovered in July of 2001. He based this opinion on the size of the original tumor, the growth rate of the original tumor, and the size of the lung lesion upon detection. The court finds this evidence to be sufficient to meet the minimal showing necessary to avoid summary judgment. While defendant contends the evidence shows the metastasis occurred well before Mr. Carter first presented, that is a matter for a jury to decide. The court finds plaintiff's evidence to be likewise sufficient as to the lost chance theory of recovery.

For the foregoing reasons, the court grants plaintiff's motion to strike the additional facts submitted as part of defendant's Local Rule 56.1 reply, denies defendant's request for oral argument, and denies defendant's summary judgment motion in its entirety.