Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50468 | **DATE** | 11/17/2003 |
| **CASE TITLE** | Carter vs. Finley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court affirms the order of the magistrate judge granting plaintiff's motion to strike the supplemental disclosures of defendant's expert witnesses.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| X | Notices mailed by judge's staff. | | NOV 17 2003 date docketed | 90 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11-17-03 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| /LC | courtroom deputy's initials | 2003 NOV 17 PM 2:17 U.S. DISTRICT COURT Date/time received in central Clerk's Office | CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff filed a motion to strike defendant's supplemental expert witness disclosures because they were submitted beyond the date established for the close of discovery in violation of Fed. R. Civ. P. 26(a). The magistrate judge granted plaintiff's motion, and defendant, in turn, filed a timely objection in this court pursuant to Fed. R. Civ. P. 72(a). The thrust of defendant's objection is that the reason it disclosed the supplemental expert opinions after discovery was closed is because it did not have a supplemental autopsy report which provided the basis for the additional expert opinions. Defendant asserts that the reason it was tardy in obtaining the supplemental autopsy report was because it was within the possession or control of plaintiff who failed to turn it over in response to defendant's timely requests for the document. Plaintiff responds that it never had possession of the supplemental report and that it was readily available to defendant in any event.

The Federal Rules of Civil Procedure require parties to file reports of expert witnesses they intend to use at trial. Nutrasweet Co. v. X-L Engineering Co., 227 F. 3d 776, 785 (7th Cir. 2000). If a party does not timely file its expert reports, the district court may exclude the party's expert from testifying at trial on the matters the party was required to disclose. Nutrasweet Co., 227 F. 3d at 785. The sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless. Nutrasweet Co., 227 F. 3d at 785-86.

Here, the magistrate judge ruled that defendant did not show that its violation of Rule 26)a) was justified or harmless. Because the ruling of the magistrate judge involved a pretrial matter, this court may only reconsider if defendant can show the order was clearly erroneous or contrary to law. See 28 U.S.C. § 636 (b)(1)(A).

Having reviewed the briefs and factual submissions before the magistrate judge, the applicable law, and the arguments before this court, the court finds that the ruling of the magistrate judge was neither clearly erroneous or contrary to law. The only justification offered by defendant for its tardiness is that plaintiff would not provide the supplemental autopsy report in the face of numerous requests by defendant to do so. It is undisputed, however, that plaintiff did not have the autopsy report in its possession. Nor did it have control over the report such that it was not available to defendant by other means. In fact, defendant ultimately used one of those methods (a signed release) to obtain the report. It is evident that the delay in obtaining the report was due in large part to defendant's own insistence that plaintiff obtain a copy of the report and then turn it over to defendant. Plaintiff, however, had no obligation to do so when defendant had reasonable alternatives to obtain a copy for itself. It is also apparent that defendant was aware of the supplemental report in ample time to have obtained a copy, provided it to its experts, and submitted its experts' reports within the established discovery deadlines.

Based on the foregoing, the court affirms the order of the magistrate judge granting plaintiff's motion to strike the supplemental disclosures of defendant's expert witnesses.