# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50468 | **DATE** | 4/15/2004 |
| **CASE TITLE** | Carter vs. Finley Hospital | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion to bifurcate. Plaintiff is to notify the court's minute clerk via telephone by April 21, 2004 as to the progress of mediation prior to the court deciding the pending motions in limine.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✗ | Notices mailed by judge's staff. | | APR 1 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 106 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | | 4-15-04 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, The Finley Hospital, has filed a motion to bifurcate the issues of liability and damages in its upcoming medical malpractice trial. Plaintiff opposes the motion to bifurcate.

Rule 42(b) provides that a court, in "furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," may order a separate trial on any issue. Fed. R. Civ. P. 42(b). Either of these criteria, avoidance of prejudice or judicial economy, will support an order of separation. Houseman v. United States Aviation Underwriters, 171 F. 3d 1117, 1121 (7th Cir. 1999). The court must also be satisfied that the decision to bifurcate does not unfairly prejudice the non- moving party. Houseman, 171 F. 3d at 1121. The ultimate decision as to whether to order bifurcation under Rule 42(b) is discretionary. Houseman, 171 F. 3d at 1121.

In this case, the relevant considerations weigh in favor of denying the motion to bifurcate. First, defendant will not suffer any substantial or undue prejudice should the jury hear evidence of damages simultaneously with evidence of liability. Juries are routinely instructed to keep such evidence in its proper place, and there is nothing about the anticipated evidence in this case that leads the court to believe such instructions would be ineffective. Second, the issues in this case as to liability and damages do not appear to be unusually complex, as medical malpractice cases go. Third, as is the case in most trials where liability and damages are presented jointly, time and effort will be saved by avoiding duplication, some of which is typical in separate trials. There is simply nothing about this case that leads the court to believe that it would be more expeditious or less prejudicial to defendant to separate the issues of liability or damages.

For the foregoing reasons, the court denies defendant's motion to bifurcate.